| | |
|---|---|
| BILLIE KING and<br>FELISHA K. MEADOWS,<br><br>   Plaintiffs,<br><br>v.<br><br>JASON LAWSON,<br>JASON STOKES, and<br>CITY OF CLINTON, TENNESSEE,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.: 3:14-CV-500-TAV-HBG<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 3]. Plaintiffs Billie King and Felisha Meadows responded in opposition [Doc. 11], and defendants replied [Doc. 12]. Having considered the pleadings, the parties' arguments, and relevant law, the Court will **GRANT** defendants' motion.

**I. Background**

Plaintiffs' claims stem from a traffic stop in Clinton, Tennessee, on October 28, 2013 [Doc. 1 ¶ 8]. Plaintiff Meadows was driving a 2007 Ford, which "belonged to both" her and plaintiff King, when she was stopped by defendant officers Jason Lawson and Jason Stokes [*Id.* ¶¶ 8, 10]. Ms. Meadows "was forcibly detained in handcuffs," and as a result of the stop, Officer Lawson seized the vehicle, completed a "notice of property seizure and forfeiture of conveyances," and provided Ms. Meadows with a copy of the notice [*Id.* ¶¶ 9–12]. Seven

working days after the seizure, a forfeiture warrant was issued that did not list plaintiff King as a co-owner of the vehicle [*Id.* ¶¶ 16–18; Doc. 1-3]. The judge found probable cause that plaintiffs' vehicle was used or intended to be used to facilitate the transportation, sale, or receipt of drugs, and ordered that the property be held until the Tennessee Department of Safety could legally dispose of the property [*See* Doc. 1-3].

Ms. Meadows wrote a letter to the Legal Division of the Department of Safety, "as directed in said seizure," requesting a hearing [*Id.* ¶ 13]. She stated that she thinks her car was wrongfully seized because she was not charged with anything and nothing related to narcotics was found in her car [Doc. 1-1]. The Department of Safety responded, thirty days after the seizure, advising Ms. Meadows that the department did not have a seizure notice concerning her property and that she would be mailed a petition for hearing once a number is assigned to her case [Doc. 1 ¶ 14; Doc. 1-2].

Each plaintiff thereafter received a letter from the Department of Safety, dated December 16, 2013, that stated, "[a] forfeiture warrant has been issued against property in which you have been identified as having an interest" [Doc. 1-4]. It informed plaintiffs why their vehicle had been seized, and it stated that the vehicle "will be forfeited and subject to public sale or other lawful disposition after thirty (30) days from receipt of this notice unless any claimant to the seized goods shall file . . . a claim in writing stating his interest in the seized goods and requesting a hearing . . . ." [*Id.*].

Plaintiffs claim these letters were untimely; that their vehicle was eventually released to ORNL Federal Credit Union, who was a lienholder on the vehicle; and that ORNL sold the vehicle and now seeks a deficiency from plaintiffs [Doc. 1 ¶¶ 20–21].

2

And plaintiff Meadows alleges she lost her job because the seized vehicle was her means of transportation to and from work [*Id.* ¶ 23].

Plaintiffs request compensatory and punitive damages for their losses. They argue the seizure and its aftermath amount to violations of 42 U.S.C. § 1983, the Fourteenth Amendment's right to due process, the Fifth Amendment's takings clause, and the Tennessee Constitution.

**II.     Standard of Review**

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

3

In deciding a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In doing so, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## III. Analysis

In support of their motion to dismiss, defendants make three principal arguments: that due process and § 1983 claims cannot be premised on a state actor's violation of state law; that plaintiffs have not pled how their property was taken for "public use"; and that there is no private right of action for damages under the Tennessee Constitution.

### A. Due Process and § 1983 Claims

Plaintiffs allege defendants violated Tennessee Code § 40-33-204(b) by applying for a forfeiture warrant seven working days after the seizure, two days after the time allowed, and by not stating with specificity the officer's probable cause for believing that the co-owner of the property knew the property was being used in a manner making it

4

subject to forfeiture [*See* Doc. 1 ¶¶ 16–18 (noting the warrant did not list plaintiff King as a co-owner of the vehicle)]. Based on these alleged failures to comply with the Tennessee statute, plaintiffs claim defendants violated 42 U.S.C. § 1983 and their right of due process guaranteed by the Fourteenth Amendment to the United States Constitution [Doc. 1 ¶¶ 26, 31].

But § 1983 is limited to deprivations of federal statutory and constitutional rights, and does not cover official conduct that allegedly violates state law. *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989). In *Huron*, for example, the Sixth Circuit held, to the extent the plaintiffs claimed the state defendants negligently failed to follow established state procedures and law, "*Daniels* would control and it was appropriate to relegate plaintiffs to a remedy under state law." *Id.* at 714, 716 (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). In *Daniels*, the Supreme Court concluded "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. at 328 (emphasis in original).[1] Although defendants are a municipality and its police officers, they are state actors within the meaning of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("Our analysis . . . compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") (emphasis in original); *Savage v. City of Pontiac*, 743

---

[1] And even if defendants intentionally violated Tennessee law, plaintiff does not allege defendants did so pursuant to established state procedures, as opposed to randomly, or allege facts indicating the two-day delay in applying for the warrant or the officer's alleged failure to state probable cause as to the co-owner was "egregiously abusive." *See Huron*, 887 F.2d at 716.

5

Case 3:14-cv-00500-TAV-HBG   Document 25   Filed 08/27/15   Page 5 of 9   PageID #: 89

F. Supp. 2d 678, 683 (E.D. Mich. 2010) ("Municipal employees qualify as state actors . . . ."). Therefore, there has been no violation of § 1983 or due process here. *See Neinast v. Bd. of Trs. of Columbus Metro. Library*, 190 F. Supp. 2d 1040, 1047–48 (S.D. Ohio 2002) (dismissing procedural due process claim because "mere allegations of state law are not sufficient to state a claim under § 1983" and the plaintiff's arguments "are based not on a constitutional right but on state statutory interpretation").

Plaintiffs, moreover, have not pled that Tennessee does not provide an adequate state remedy for improper forfeiture of property. *See Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983) ("[I]n section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."); *Huron*, 887 F.2d at 713–16 (affirming dismissal in light of the plaintiffs' failure "to plead and prove the inadequacy of state remedies to redress plaintiffs' injuries caused by defendants' alleged failure to afford plaintiffs due process of law"); *see also Daniels*, 474 U.S. at 328 (indicating there is no violation of due process when, despite being deprived of property within the meaning of the Due Process Clause of the Fourteenth Amendment, the state's remedy "provided the process that was due").

Tennessee provides owners of seized property the opportunity for a hearing prior to final forfeiture. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("[T]he Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property.") (emphasis in original). Within thirty days of

6

Case 3:14-cv-00500-TAV-HBG   Document 25   Filed 08/27/15   Page 6 of 9   PageID #: 90

being notified that a forfeiture warrant has issued, any person asserting a claim to the seized property may file a written claim requesting a hearing, and the applicable agency shall, within thirty days, establish a hearing date. Tenn. Code Ann. §§ 40-33-206 to -207. The state has the burden of proof at the hearing with regard to all parties claiming an interest in the property, the case is heard by a designated hearing officer or administrative law judge, and an aggrieved party may seek judicial review of the decision. *See id.* §§ 40-33-209, -210, -213. Plaintiffs each received a letter dated December 16, 2013, informing them of the formal process for requesting a hearing and of the requirement to file a cost bond [*See* Doc. 1-4].

Accordingly, plaintiffs' claims under due process and § 1983 will be dismissed.

**B.    Takings Clause**

The complaint states that after defendants seized plaintiffs' vehicle, it was eventually released to ORNL Federal Credit Union, a lienholder on the vehicle, who sold the vehicle and is seeking a deficiency from plaintiffs [Doc. 1 ¶ 21]. While these alleged facts may be unfortunate, they do not state a claim for a taking of property without just compensation under the Fifth Amendment to the United States Constitution.

A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation. *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004). The complaint says nothing about public use, and plaintiffs' response brief simply argues the vehicle "was to be sold and the proceeds of the sale used by the State, a county, a

7

municipality, or some person/entity, a public use" [Doc. 11 p. 3].[2] There is no allegation or indication, however, that the lienholder credit union's sale of the vehicle benefited the public or the government. *See Cochran v. Folger*, 740 F. Supp. 2d 923, 928, 934 (E.D. Ky. 2010) (finding no taking when landlord took the plaintiff's personal property upon eviction, and the sheriffs on site prevented anyone from interfering, because "this is an example of [defendant sheriffs] taking private property . . . and placing it in the possession of another private person, for private use"); *id.* (finding no taking when sheriff on site purchased the plaintiff's television from the landlord for use by the sheriff's department, "considering the benefit to a private party and the absence of payment from public coffers").

The Court also notes "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan*, 516 U.S. 442, 443, 452–53 (1996) (holding state forfeiture proceeding of vehicle did not violate the Due Process Clause of the Fourteenth Amendment or the Takings Clause of the Fifth Amendment when owner used vehicle to engage in criminal activity and innocent co-owner, who lacked knowledge of the criminal activity, received no offset for her interest in the vehicle). And if plaintiffs have not sought compensation by way of a state court action for conversion, for example, their takings claim may not even be ripe

---

[2] This citation is to a docket entry in related Case No. 3:14-CV-527. Plaintiffs filed their response brief in that case before the magistrate judge's Order of Consolidation and determination that Case No. 3:14-CV-500 would be the lead case [Doc. 17].

for adjudication in this court. *See Lytle v. Potter*, 480 F. Supp. 2d 986, 990 (N.D. Ohio 2006) (reasoning that "[a]ctions in conversion and restitution are reasonable, certain, and adequate state remedies to obtain just compensation" for taken personal property).

In sum, having construed the complaint in the light most favorable to plaintiffs, accepted its allegations as true, and drawn all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs' allegations fail to state a claim under § 1983, due process, or the takings clause. Because the Court will dismiss the complaint's federal claims, the Court will decline to exercise jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Reynosa v. Schultz*, 282 F. App'x 386, 390–91 (6th Cir. 2008) ("Ordinarily, where all federal claims have been dismissed, federal courts should decline to exercise supplemental jurisdiction over state law claims.").

### IV. Conclusion

For these reasons, the Court will **GRANT** defendants' motion to dismiss [Doc. 3], **DISMISS** all of plaintiffs' claims, and **DIRECT** the Clerk of Court to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

9